IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| GROUPCHATTER, LLC<br>　　　Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>GE ENERGY MANAGEMENT<br>SERVICES, INC., and<br>GE GRID SOLUTIONS, LLC<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:15-cv-00975-RWS<br><br>JURY TRIAL DEMANDED |

**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT
BY DEFENDANTS GENERAL ELECTRIC COMPANY, GE ENERGY
MANAGEMENT SERVICES, LLC, AND GE GRID SOLUTIONS, LLC**

Defendants General Electric Company ("GEC"), GE Energy Management Services, LLC (formerly known as GE Energy Management Services, Inc.) ("GE Energy") and GE Grid Solutions, LLC ("Grid Solutions") (collectively, "Defendants") hereby respond as follows to Plaintiff GroupChatter, LLC's ("Plaintiff") Original Complaint and Jury Demand ("Complaint") as follows:

**THE PARTIES**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis, deny those allegations.

2. Defendants admit that GEC is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828-0001. Defendants admit that GEC's registered agent is CT Corporation System. Defendants deny the remaining allegations of Paragraph 2.

- 1 -

3. Defendants admit that GE Energy Management Services, LLC (formerly known as GE Energy Management Services, Inc.) is a Delaware limited liability company with a principal place of business at 4200 Wildwood Parkway, Bldg. 2018, Atlanta, GA 30339. Defendants admit that GE Energy's agent is CT Corporation System. Defendants deny the remaining allegations of Paragraph 3.

4. Defendants admit that Grid Solutions is a Delaware limited liability company with a principal place of business at 4200 Wildwood Parkway, Atlanta, GA 30339. Defendants admit that Grid Solutions registered agent is CT Corporation System. Defendants deny the remaining allegations of Paragraph 4.

## JURISDICTION AND VENUE

5. Defendants admit that Plaintiff purports to bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 284-285 and asserts that this Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 1367. Defendants deny the remaining allegations of Paragraph 5.

6. Defendants deny that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). GEC admits that it does business in this judicial district. Defendants deny the remaining allegations of Paragraph 6.

7. Defendants do not challenge personal jurisdiction. Defendants deny the remaining allegations of Paragraph 7.

## COUNT 1
### (INFRINGEMENT OF U.S. PATENT NO. 7,969,959)

8. Defendants restate their responses contained in Paragraph 1 through 5 above of this Answer as if fully set forth herein.

- 3 -

9. Defendants admit that U.S. Patent No. 7,969,959 (the "'959 Patent") is titled "Method and Apparatus for Efficient and Deterministic Group Alerting." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9, and on that basis, deny those allegations.

10. Defendants admit that a copy of the '959 Patent is attached as Exhibit A to the Complaint.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and on that basis, deny those allegations.

12. Defendants admit that the '959 Patent bears an issue date of June 28, 2011. Defendants deny the remaining allegations of Paragraph 12.

13. Defendants deny the allegations of Paragraph 13.

14. Defendants deny that they are practicing or otherwise infringing the '959 Patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14, and on that basis, deny those allegations.

15. Defendants deny the allegations of Paragraph 15.

16. Defendants deny the allegations of Paragraph 16.

17. GE admits that the Grid IQ AMI System, also known as Grid IQ Connect, may include various components, although not necessarily at the same time, such as RF Mesh components, Smart Metering Operations Suite, access points, and end points. Defendants deny the remaining allegations of Paragraph 17.

18. Defendants admit that the Grid IQ AMI System can include metering devices that have communication capabilities. Defendants deny the remaining allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants deny the allegations of Paragraph 20.

21. Defendants deny the allegations of Paragraph 21.

22. Defendants deny the allegations of Paragraph 22.

23. Defendants deny the allegations of Paragraph 23.

24. Defendants deny the allegations of Paragraph 24.

## COUNT 2
## (INFRINGEMENT OF U.S. PATENT NO. 8,199,740)

25. Defendants restate their responses contained in Paragraph 1 through 24 above of this Answer as if fully set forth herein.

26. Defendants admit that U.S. Patent No. 8,199,740 (the "'740 Patent") is titled "Method and Apparatus for Efficient and Deterministic Group Alerting." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that basis, deny those allegations.

27. Defendants admit that a copy of the '740 Patent is attached as Exhibit B to the Complaint.

28. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and on that basis, deny those allegations.

29. Defendants admit that the '740 Patent bears an issue date of June 12, 2012. Defendants deny the remaining allegations of Paragraph 29.

30. Defendants deny the allegations of Paragraph 30.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants deny the allegations of Paragraph 32.

33. Defendants admit that a device in Grid IQ AMI System may be capable of sending and receiving data wirelessly. Defendants deny the remaining allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

36. Defendants deny the allegations of Paragraph 36.

37. Defendants deny the allegations of Paragraph 37.

## COUNT 3
## (INFRINGEMENT OF U.S. PATENT NO. 8,588,207)

38. Defendants restate their responses contained in Paragraph 1 through 37 above of this Answer as if fully set forth herein.

39. Defendants admit that U.S. Patent No. 8,588,207 (the "'207 Patent") is titled "Method and Apparatus for Efficient and Deterministic Group Alerting." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39, and on that basis, deny those allegations.

40. Defendants admit that a copy of the '207 Patent is attached as Exhibit C to the Complaint.

41. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41, and on that basis, deny those allegations.

42. Defendants admit that the '207 Patent bears an issue date of November 19, 2013. Defendants deny the remaining allegations of Paragraph 42.

43. Defendants deny the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

## COUNT 4
## (INFRINGEMENT OF U.S. PATENT NO. 9,014,659)

49. Defendants restate their responses contained in Paragraph 1 through 48 above of this Answer as if fully set forth herein.

50. Defendants admit that U.S. Patent No. 9,014,659 (the "'659 Patent") is titled "Method and Apparatus for Efficient and Deterministic Group Alerting."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50, and on that basis, deny those allegations.

51. Defendants admit that a copy of the '659 Patent is attached as Exhibit D to the Complaint.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52, and on that basis, deny those allegations.

53. Defendants admit that the '659 Patent bears an issue date of April 21, 2015. Defendants deny the remaining allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59. Defendants deny the allegations of Paragraph 59.

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

62. Defendants deny the allegations of Paragraph 62.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

### ALLEGED NOTICE OF REQUIREMENT OF LITIGATION HOLD

65. Paragraph 65 fails to set forth any factual allegations. As such, no response is required.

66. Paragraph 66 fails to set forth any factual allegations. As such, no response is required.

67. Paragraph 67 fails to set forth any factual allegations. As such, no response is required.

68. Plaintiff omitted Paragraph 68. As such, no response is required.

69. Defendants deny that Plaintiff is entitled to any relief whatsoever from Defendants in this action, either as prayed for in the Complaint or otherwise.

### GENERAL DENIAL

Except as expressly admitted above, Defendants deny each and every allegation of Plaintiff's claims.

### AFFIRMATIVE DEFENSES

In further response to the Complaint, Defendants assert the following Affirmative Defenses. Defendants reserve all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, including instances of inequitable conduct that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action. Any

assertion of a defense is not a concession that Defendants have the burden of proving the matter asserted.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Defendants do not infringe and have not infringed upon any valid and enforceable claim of the '959, '740, '207, or '659 Patents.

### Third Defense

Plaintiff's claims are barred in whole or in part because the claims of the '959, '740, '207, and '659 Patents are invalid or unenforceable under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, express license, or implied license.

### Fifth Defense

Plaintiff' claims are barred by the doctrine of patent exhaustion.

### Sixth Defense

Defendants have not engaged in any conduct that entitles Plaintiff to attorneys' fees.

### Seventh Defense

Plaintiff is barred from recovery, in whole or in part, under 35 U.S.C. §§ 281, 284, 285, 286, 297, 288, or under any other section of the Patent Act or of the patent laws of the United States.

**Eighth Defense**

Plaintiff is estopped from construing any valid claim of the '959, '740, '207, and '659 Patents to be infringed literally or under the Doctrine of Equivalents due to admissions and/or statements made (a) to the U.S. Patent and Trademark Office during prosecution of the '959, '740, '207, and '659 Patents and related applications and/or (b) in the specifications and claims of the '959, '740, '207, and '659 Patents and related applications.

**Ninth Defense**

Plaintiff's claims are barred in whole or in part by the doctrine of prior art estoppel.

**Tenth Defense**

Plaintiff's claims are barred in whole or in part under 28 U.S.C. § 1498.

**Eleventh Defense**

Defendants reserve the right to assert additional defenses that may be developed through discovery in this action.

**RELIEF REQUESTED**

For all these reasons, Defendants respectfully requests that the Court enter a judgment in its favor as follows:

A.  against Plaintiff and in favor of Defendants;

B.  dismissing Plaintiff's Complaint in its entirety with prejudice and adjudging Plaintiff is entitled to no relief whatsoever from Defendants;

C.  finding Defendants have not infringed any asserted claims of the '959, '740, '207, or '659 Patents;

D.  finding the asserted claims of the '959, '740, '207, and '659 Patents are invalid;

E.  adjudging Plaintiff takes nothing by its Complaint;

F.      declaring this case an exceptional case against Plaintiff under 35 U.S.C. § 285 and awarding Defendants their attorneys' fees in defending this action;

G.      awarding Defendants their costs; and

H.      awarding Defendants such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

GE hereby demands a trial by jury on all issues so triable.

Dated:  January 28, 2016                         Respectfully submitted,

                                                  By:  */s/ Peter J. Chassman*
                                                         Peter J. Chassman
                                                         State Bar Number: 00787233
                                                         Reed Smith LLP
                                                         811 Main Street, Suite 1700
                                                         Houston, TX  77002-6110
                                                         Telephone: (713) 469-3885
                                                         Facsimile:  (713) 469-3899
                                                         pchassman@reedsmith.com

*Attorney for Defendants*
*General Electric Company, GE Energy Management Services, LLC, and GE Grid Solutions, LLC*

- 11 -

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 28, 2016.

*/s/ Peter J. Chassman*
Peter J. Chassman