AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| GroupChatter, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:16-CV-00486-WSD |
| General Electric Company, GE Energy Management Services, Inc., and GE Grid Solutions, LLC | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Trilliant Networks, Inc. by and through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see Exhibit A to Plaintiff's Notice of Deposition on Written Questions of Trilliant Networks, Inc. with Subpoena Duces Tecum (attached).

| Place: Trilliant Networks, Inc., 1100 Island Drive, Suite 201, Redwood City, California 95065 or a location as the parties may agree | Date and Time: November 21, 2016 at 10:00 a.m. |
|---|---|

The deposition will be recorded by this method:   Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  Please see Exhibit B to Plaintiff's Notice of Deposition on Written Questions of Trilliant Networks, Inc. with Subpoena Duces Tecum (attached).

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/01/2016

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiff, GroupChatter, LLC
_____ , who issues or requests this subpoena, are:

Cabrach Connor, Taylor Dunham and Rodriguez LLP, 301 Congress Avenue, Suite 1050, Austin, Texas, 78701.

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:16-CV-00486-WSD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| GROUPCHATTER, LLC, | CIVIL ACTION FILE |
| Plaintiff, | |
| v. | |
| GENERAL ELECTRIC COMPANY, GE ENERGY MANAGEMENT SERVICES, INC., and GE GRID SOLUTIONS, LLC, | **NO. 1:16-cv-00486-WSD** **[LEAD CASE]** |
| Defendants. | |

**PLAINTIFFS' NOTICE OF DEPOSITION ON WRITTEN QUESTIONS OF**
**TRILLIANT NETWORKS, INC. WITH SUBPOENA DUCES TECUM**

To: Trilliant Networks, Inc. by and through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

Please take notice that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff GROUPCHATTER, LLC ("GroupChatter") will take the deposition by written questions of TRILLIANT NETWORKS, INC. ("Trilliant") with subpoena duces tecum, at **10:00 a.m. on November 21, 2016**, at Trilliant's principal place of business located at 1100 Island Drive, Suite 201, Redwood City, California 95065, or at such other time or location as the parties may agree, before

a certified court reporter or its designee.

A copy of the questions to be posed at the deposition is attached hereto as Exhibit A.

Trilliant must produce at the deposition, all documents, items and tangible things listed in Exhibit B, attached hereto.

Dated:  November 1, 2016

Respectfully submitted,

By: _____
Daniel A. Kent
Georgia Bar Number 415110
dankent@kentrisley.com
**KENT & RISLEY LLC**
555 N Point Ctr E Ste 400
Alpharetta, GA 30022
Tel:  (404) 585-4214
Fax:  (404) 829-2412

Cabrach J. Connor (pro hac vice)
cconnor@taylordunham.com
David E. Dunham (pro hac vice)
ddunham@taylordunham.com
Jennifer Tatum Lee (pro hac vice)
jtatum@taylordunham.com
**TAYLOR DUNHAM AND RODRIGUEZ LLP**
301 Congress Ave., Suite 1050
Austin, Texas  78701
512.473.2257 Telephone
512.478.4409 Facsimile

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to L.R. 7.1.D of the Northern District of Georgia, that the foregoing Plaintiff's Notice of Deposition on Written Questions of Trilliant Networks, Inc. with Subpoena Duces Tecum was prepared in 14-point Times New Roman font.

Cabrach J. Connor

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record.

This 1st day of November, 2016.

Cabrach J. Connor

The following definitions shall apply to these discovery requests and to all subsequent sets of discovery.

1.   Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). "Documents" shall also include, but shall not be limited to, the following items, whether printed or recorded or reproduced by hand: agreements, contracts, leases, communications (including intra-organization communications), electronically stored information ("ESI") including without limitation electronic mail, data from Personal Digital Assistants (including Palm Pilots, pagers, and other PDAs), data from mobile phones (including Blackberries and other mobile phones), and computer code or instructions, correspondence, faxes, telegrams, cables, telexes, teletype messages, memoranda, records, books, diaries, notebooks, calendars (paper, electronic, and otherwise), telephone and other logs, telephone and other bills, voicemail and transcriptions thereof, recorded distributions, forecasts, statistical statements, accounts, invoices, purchase orders, receipts, billing records, tapes, expense vouchers, minutes, summaries and other records of meetings, conferences, negotiations, conversations, investigations and interviews, sales brochures and literature, advertisements, price lists, trade letters, press releases, stenographic, handwritten and any other notes, projections, working papers, checks (front and back), check stubs and receipts, models, surveys, devices, pictures, photographs, films, computer records, data compilations, and voice and video recordings. "Documents" shall not be limited in any way as to the form of storage (such as paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or other storage device). A draft of a nonidentical copy is a separate document within the meaning of this term.

2.   Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes Documents.

3.   Identify (With Respect to Persons). When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address, e-mail address, and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only

the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4.    Identify (With Respect to Documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

5.    Parties. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, as well as its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

6.    Person. The term "person" is defined as any natural person or business, legal or governmental entity or association.

7.    Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

8.    "You," "Your," or "Trilliant" means, Trilliant Networks, Inc., a non-party in the above-styled cause of action, including its employees, agents, representatives, and any other persons acting on its behalf as well as its officers, directors, partners, corporate parent, subsidiaries or affiliates.

9.    "Plaintiff" "GroupChatter" means GroupChatter, LLC, a named Plaintiff in the above-styled cause of action.

10.   "Defendant" "GE" means General Electric Company, GE Energy Management Services, Inc., and GE Grid Solutions, LLC, as well as their officers, directors, partners, corporate parent(s), subsidiaries, or affiliates who are collectively and individually the defendants in the above-styled cause of action.

11.   "Lawsuit" shall mean the litigation styled *GroupChatter v. General Electric Company, GE Energy Management Services, Inc., and GE Grid Solutions, LLC,* Cause No. 1:16-CV-00486-WSD, in the Northern District of Georgia, Atlanta Division.

# INSTRUCTIONS

1.  Respond to each request for production separately by listing the material and by describing them as defined above.  If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number of label.

2.  Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3.  Produce electronically stored information in native format if it cannot be converted to PDF.  For documents that cannot be converted to PDF, notify requesting party of responding party's intended form of production that is either reasonably usable or as it is ordinarily kept   For any electronically stored information produced in native format:

    a.  Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

    b.  Write all of the electronically stored information to CDs, external drives, or flash drives.

4.  For electronically stored information, identify every source containing potentially responsive information that You are not searching or producing.

5.  If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

6.  For any materials that You assert are privileged, protected, or otherwise exempt from discovery, provide the following:

    a.  The specific grounds for the claim of privileged, protection, or other exemption.

b.  The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

c.  The subject matter of the material.

d.  The date of the material.

e.  The name, job title, and address of the author of the material.

f.  The name, job title, and address of each addressee of the material.

g.  The name, job title, and address of each person who received, was copied on, or otherwise saw all, party, or a summary of the material.

h.  The name, job title, and address of the custodian of the material and the material's current location.

7.  For any material that You claim no longer exists or cannot be located, provide all of the following:

a.  A statement identifying the material.

b.  A statement of how and when the material ceased to exist or when it could no longer be located.

c.  The reasons for the material's nonexistence or loss.

d.  The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

e.  The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

8.  Applicable time period.  Unless otherwise specified, the applicable time period for the following requests is October 1, 2006 through the present.

# EXHIBIT A

## DEPOSITION ON WRITTEN QUESTIONS

The following requests for production are limited to the services and products you provided to GE including, but not limited to, AMI hardware and software for sale or license to the electric utility market.

Please review and refer to the definitions above, which provide additional definitions for the capitalized terms used herein. The above definitions apply to all of these discovery requests, along with all subsequent discovery requests directed to Trilliant in this proceeding.

1.     Please state your full name, occupation, and official title.

**ANSWER:** _____

2.     Has Trilliant been served with a subpoena for the production of the documents, items, and tangible things listed in Exhibit B?

**ANSWER:** _____

3.     Are you the custodian of records for Trilliant?

**ANSWER:** _____

4.     As part of your duties as custodian of records for Trilliant are you the custodian of the documents, items and tangible things that are listed in Exhibit B and that are in Trilliant's possession, custody, or control?

**ANSWER:** _____

5.     Do you understand that the subpoena requests all records in Trilliant's possession, custody, or control relating to the documents, items and tangible things listed in Exhibit B?

**ANSWER:** _____

6.     Were the documents, items and tangible things listed in Exhibit B and in Trilliant's possession, custody, or control made by employees or other representatives of Trilliant?

**ANSWER:** _____

7.     Were the documents, items and tangible things listed in Exhibit B and in Trilliant's possession, custody, or control made at or near the time of the act, event, or matter identified in the records?

**ANSWER:** _____

8.     Were the documents, items and tangible things listed in Exhibit B and in Trilliant's possession, custody, or control made in the regular course of the business of Trilliant?

**ANSWER:** _____

9.     Were the documents, items and tangible things listed in Exhibit B and in Trilliant's possession, custody, or control transmitted to Trilliant in the regular course of its business?

**ANSWER:** _____

10.    Did you maintain the records requested in Exhibit B as part of your official duties as the custodian of records for Trilliant?

**ANSWER:** _____

11.     Please hand the originals or exact duplicates of the documents, items, and tangible things listed in Exhibit B to the court reporter taking your deposition for photocopying and attachment to this deposition. Have you now given all documents, items and tangible things listed in Exhibit B to the court reporter taking your deposition? If not, identify for the court reporter the records and documents Trilliant did not produce and explain why it did not produce them.

       **ANSWER:** _____

12.     How long does Trilliant maintain its files?

       **ANSWER:** _____

13.     Does Trilliant ever destroy its files and if so, when and under what circumstances?

       **ANSWER:** _____

14.     Is Trilliant aware of any other entities or person(s) that may have possession, custody, or control of documents, items and tangible things responsive to the Requests for Production listed in Exhibit B? If so, please identify those entities and persons.

       **ANSWER:** _____

15.     Is Trilliant aware of any other entities or person(s) that may have possession of documents, items and tangible things relating to the subject-matter of the Lawsuit? If so, please identify those entities and persons.

       **ANSWER:** _____

16.     Has Trilliant been requested or directed by any person to withhold or protect, for any reason, any document, item, or tangible thing identified in Exhibit B? If so, please identify the person who conveyed this information to you and when that event occurred.

       **ANSWER:** _____

17.     Does Trilliant know or have reason to believe that the documents, items and tangible things identified in Exhibit B have in any manner been edited, purged, culled, or otherwise altered?  If so, please identify the records and why they were altered or removed.

**ANSWER:** _____

18.     Will you allow the officer recording your answers to these questions to make copies of the records identified in these questions and attach them to your responses?

**ANSWER:** _____

19.     Have you had any communication with anyone outside of your organization, including but not limited to the parties and counsel involved in the Lawsuit and their affiliated or related entities, regarding this or any written deposition and/or subpoena?  If so, please state the date of each such contact and describe in detail what was communicated.

**ANSWER:** _____

20.     Describe, in detail, the services and products you have provided to GE including, but not limited to the AMI hardware and software for sale or license to the electric utility market.

**ANSWER:** _____

21.     Describe and identify, in detail, the names and functionality of the software Trilliant provides and have provided to GE.

**ANSWER:** _____

22.     Describe, in detail, the functionality of the AMI modules that Trilliant designed, manufactured, consigned, or sold to or licensed to GE the right pursuant to the commercial agreements between Trilliant and GE.

**ANSWER:** _____

23.     List all GridIQ deployments on which Trilliant has substituted a bid or made a proposal.

**ANSWER:** _____

24.     List all AMI deployments that Trilliant and GE have collaborated on.

**ANSWER:** _____

25.     Describe the nature, resolution, and substance of any disputes between You and GE.

**ANSWER:** _____

26.     List what Trilliant has provided for each AMI deployment with GE.

**ANSWER:** _____

27.     List all of the documents Trilliant has provided to GE.

**ANSWER:** _____

28.     List all of the documents Trilliant has provided to the end user/ customer.

**ANSWER:** _____

# VERIFICATION

**STATE OF** _____ §

**COUNTY OF** _____ §


     On this day, affiant _____, appeared before me, the undersigned notary public.  Upon affiant's oath, affiant has read the foregoing document and has stated that the facts stated in it are within affiant's personal knowledge and are true and correct.


_____
Affiant


SWORN TO and SUBSCRIBED before me by _____
on this the _____ day of _____, 2016.


_____
Notary Public in and for the
State of _____

# EXHIBIT B

## REQUESTS FOR PRODUCTION

**Pre-statement:**

GE represented to GroupChatter that Trilliant supplied the head-end system to GE. GE has also repeatedly refused to produce documentation required under the Local Patent Rule 4.2 to GroupChatter, citing confidentiality restrictions, inability to locate and produce such materials and a general difficultly in providing such materials to GroupChatter. As a result, GroupChatter has been forced to send this subpoena to You requesting the information that GE should have previously supplied. Attached as Exhibit C are GroupChatter's infringement contentions which provide additional detail about the Accused Instrumentalities. GE has represented that You provided the head-end system. If this is not the case, please contact us upon receipt of this subpoena so we can discuss the items and services You have provided to GE. Attached as Exhibit D is the Stipulated Protective Order (Dkt. 98) entered in the Lawsuit on October 21, 2016.

**REQUEST NUMBER 1:**   Produce the source code (in a reviewable format) for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

**RESPONSE:**

**REQUEST NUMBER 2:**   Produce the specifications for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

**RESPONSE:**

**REQUEST NUMBER 3:**   Please provide the schematics for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

**RESPONSE:**

**REQUEST NUMBER 4:**    Please provide the flow charts for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 5:**    Please provide the flow diagrams for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 6:**    Please provide the artwork for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 7:**    Please provide specifications, schematics, flow charts, artwork, formulas, or other documentation in your custody, control, or possession sufficient to show the operation or composition of the Accused Instrumentalities identified in GroupChatter's Infringement Contentions attached hereto and incorporated by reference as Exhibit C.

   **RESPONSE:**

**REQUEST NUMBER 8:**    Please provide Marketing materials for the head-end system You supplied to GE.

   **RESPONSE:**

**REQUEST NUMBER 9:**    Please provide requirements documents for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 10:**   Please provide user manuals for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 11:**   Please provide how-to guides for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 12:**   Please provide operator manuals for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 13:**   Please provide training guide and modules for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 14:**   Please provide instructional materials for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 15:**   Please provide configuration manuals for for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 16:**  Please provide deployment guides for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

    **RESPONSE:**

**REQUEST NUMBER 17:**   Please provide protocol manuals for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

    **RESPONSE:**

**REQUEST NUMBER 18:**   Please provide any architectural documents for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

    **RESPONSE:**

**REQUEST NUMBER 19:**  Command dictionaries for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

**RESPONSE:**

**REQUEST NUMBER 20:**  AMI data flow and data maps for for each head-end system You have supplied to GE or to an end-user/customer of a GridIQ AMI system.

    **RESPONSE:**

**REQUEST NUMBER 21:**   All agreements between You and GE.

    **RESPONSE:**

**REQUEST NUMBER 22:**   Please provide all invoices You have sent to GE.

    **RESPONSE:**

**REQUEST NUMBER 23:**   All correspondence between You and GE related to Your production pursuant to this subpoena.

   **RESPONSE:**

**REQUEST NUMBER 24:**   All correspondence between You and GE seeking permission to produce documents to GroupChatter.

   **RESPONSE:**

**REQUEST NUMBER 25:**   All correspondence between You and GE regarding the production of documents to GroupChatter.

   **RESPONSE:**

**REQUEST NUMBER 26:**   Records reflecting the compensation provided by GE to You.

   **RESPONSE:**

**REQUEST NUMBER 27:**   Documents sufficient to show the group communication functionality in the head-end system You provided in each GridIQ AMI system.

   **RESPONSE:**

**REQUEST NUMBER 28:**   Test plans, reports, and related documents for each Grid IQ AMI system you provided to GE or an end-user/customer.

   **RESPONSE:**

**REQUEST NUMBER 29:**   All technical documents that You have exchanged with GE.

   **RESPONSE:**

**REQUEST NUMBER 30:**  All documents You have provided under the commercial agreement(s) with GE.

      **RESPONSE:**

**REQUEST NUMBER 31:**  Any documents relating to any disputes between You and GE.

      **RESPONSE:**

**REQUEST NUMBER 32:**  Documents sufficient to show how the systems or components that You provided to GE or with GE for GridIQ AMI systems create, communicate with, and/or receive communications from groups of meters or AMI network endpoints.

      **RESPONSE:**